DAVID GODDARD & another *vs.* THOMAS C. WINTHROP & another & Trustees.

An assignment and delivery by a citizen of New York to a citizen of Massachusetts in New York of property there, to be sold by the assignee and applied *pro rata* to the payment of certain acceptances of the assignor held by citizens of Massachusetts and Rhode Island, are valid, and the assignee will hold the proceeds of the sale against a creditor attaching them in his hands in this state.

THOMAS, J.   This is an action against Fenner as the drawer Winthrop as the acceptor of a bill of exchange, and Chace, Wheelwright & Company as trustees. The question is whether, upon the facts agreed, the trustees should be charged.

Winthrop, a citizen of New York, on the 23d of March 1855 delivered in New York to the trustees, citizens of Massachusetts, but then in New York, fifty two bales of sheetings, to be sold by them and applied *pro rata* on certain acceptances of Winthrop to the amount of $5,800, held by other persons, citizens of Rhode Island and Massachusetts, taking from the trustees the following agreement:

" In consideration of the receipt of fifty two bales of sheetings from Thomas C. Winthrop, containing fifty three thousand seven hundred and forty yards, we hereby covenant and agree to apply the net proceeds of the sale of said goods (which net proceeds shall not be less than four cents and one eighth of a cent per yard) to the payment of his acceptances of C. G. Fenner's drafts *pro rata* on all said acceptances that have become due and shall become due since the first of February last to the first day of July next, amounting to fifty eight hundred and fifty five dollars and fifty three cents, said payments to be made within three months from the date hereof, and said payments to be indorsed on said acceptances, and receipts for the same to be given to said Winthrop for the parties who hold or may hold said acceptances. In witness whereof we have hereunto subscribed our hands and affixed our seals this twenty-third day of March 1855          Chace, Wheelwright & Co. [Seal.] "

The goods were sold in New York by the trustees for $2,218. 68 net. The holders of the drafts, to an amount of $3,000, assented to the agreement before the service of the writ. In a supplementary answer, the trustees say they have been informed and believe that all the holders of acceptances, except the plaintiffs, were informed of the provision made for them in the agreement, and expressed their assent thereto before the service of the writ; and they have personal knowledge that such assent has been given since the service of the writ.

The facts then show a delivery to the trustees of certain specific property, to pay certain specified debts *pro rata.* There was no general assignment, no preference of one class of creditors over another, no provision for any discharge of the debtor, nor any evidence of his insolvency.

The agreement was made in New York, the debtor was a citizen of New York, the goods were delivered in New York, and sold there. The agreement was valid by the laws of New York. It is not in conflict with any law of this commonwealth. The trustees, taking these goods and selling them, became liable to pay over the proceeds of the sale under their agreement.

In *Zipcey* v. *Thompson,* 1 Gray, 243, the assignment was of property in Massachusetts as well as New York, with a preference of creditors in conflict with the provisions of the *St.* of 1836, c. 238, § 11. In *Bowles* v. *Graves,* 4 Gray, 117, the agreement was entered into and to be executed in Massachusetts. It was for the benefit of such creditors as should elect to come into the arrangement and discharge their debts. It came therefore within the principle settled in *Wyles* v. *Beals,* 1 Gray, 233, and *Edwards* v. *Mitchell,* 1 Gray, 239.          *Trustees discharged.*

*O. G. Peabody,* for the plaintiffs, cited *Wyles* v. *Beals,* 1 Gray, 233; *Edwards* v. *Mitchell,* 1 Gray, 239; *Zipcey* v. *Thompson,* 1 Gray, 243; *Russell* v. *Woodward,* 10 Pick. 408.

*F. A. Brooks,* for the trustees, cited *St.* 1856, c. 163; Story Confl. § 423; *Curtis* v. *Norris,* 8 Pick. 280; *Wales* v. *Alden,* 22 Pick. 245; *Dwight* v. *Bank of Michigan,* 10 Met. 58; *Grover* v *Wakeman,* 11 Wend. 187; *Cunningham* v. *Freeborn,* 11 Wend. 248; Burrill on Assignments, 309.